# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAUMON MONDELL OKYERE, SR.,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. CIV-09-462-D |
| | ) |
| **STATE OF OKLAHOMA, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and the undersigned recommends that the action be transferred to the United States District Court for the Northern District of Oklahoma.

Petitioner is attempting to challenge the validity of his September 15, 2006, conviction of first degree murder and child neglect in the District Court of Tulsa County, Case No. CF-2005-1593, for which he was sentenced to life imprisonment without parole and twenty-five years imprisonment, respectively. Petition, p. 1-2. Tulsa County is located within the territorial jurisdiction of the Northern District of Oklahoma. 28 U.S.C. § 116(a). Petitioner is incarcerated at the Davis Correctional Facility in Holdenville, Oklahoma, which is in Hughes County, located within the territorial jurisdiction of the Eastern District of Oklahoma. 28 U.S.C. §116(b).

Because Oklahoma has multiple federal districts, under 28 U.S.C. § 2241(d), if a petitioner challenges the validity of his conviction and sentence, he has "the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497 (1973). Since the Petitioner attacks a conviction from the District Court of Tulsa County located within the Northern District of Oklahoma, and since he is in custody at the Davis Correctional Facility located within the Eastern District of Oklahoma, this court has no jurisdiction to entertain this habeas corpus petition. Instead, both the Northern and Eastern Districts have jurisdiction. 28 U.S.C. § 2241(d).

Whenever, as in this case, a civil action is filed and the Court finds that there is a want of jurisdiction, the Court shall, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. *See also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). In this case, transfer to either the Northern or the Eastern Districts of Oklahoma would be appropriate. It has been a longstanding policy of the United States District Courts within Oklahoma, however, that justice is normally better served by the adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located, where trial counsel for the prosecution and the Petitioner are ostensibly available and where any necessary witnesses usually reside in the event an evidentiary hearing is necessary. Transportation of the Petitioner to any hearing in the Northern District would be a modest expense for state and/or federal officials when compared with the costs of an

evidentiary hearing in the Eastern District. Based on these considerations, the action should be transferred to the Northern District of Oklahoma.

### **RECOMMENDATION**

Accordingly, it is the recommendation of the undersigned Magistrate Judge that this habeas action pursuant to 28 U.S.C. § 2254 be transferred to the United States District Court of the Northern District of Oklahoma. Petitioner is advised of his right to object to this Report and Recommendation by the 25th day of May, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 4th day of May, 2009.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE