**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAUMON MONDELL OKYERE, SR., | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 09-CV-335-TCK-TLW ) |
| STATE OF OKLAHOMA; ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, | ) ) ) ) |
| Respondents. | ) ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court for consideration are Respondent's motion to dismiss petition for habeas corpus for failure to exhaust state court remedies (Dkt. # 20), Petitioner's "motion to suspend petition for means of fully exhausting state remedies" (Dkt. # 24), and Petitioner's "motion to supplement record" (Dkt. # 27). For the reasons discussed below, the Court finds the petition is a "mixed petition," subject to dismissal without prejudice for failure to exhaust state remedies. However, the Court finds Petitioner should be afforded the opportunity to file an amended petition containing only his exhausted claims and deleting his unexhausted claims. Petitioner's motion to "suspend" shall be denied. His motion to supplement record shall denied at this time.

***BACKGROUND***

The record reflects that Petitioner was convicted by a jury of First Degree Murder (Count I) and Child Neglect (Count II) in Tulsa County District Court, Case No. CF-2005-1593. On March 24, 2004, the trial court sentenced Petitioner in accordance with the jury's recommendation to life imprisonment without the possibility of parole on Count I and to twenty-five (25) years

imprisonment on Count II, with the sentences to be served consecutively. Petitioner was represented at trial by attorney Allen Malone.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorney Stuart Southerland, raised the following nine (9) propositions of error:

1. It was error for the district court to deny the application of the Tulsa County Public Defender's Office to withdraw based upon a conflict of interest.

2. It was reversible error to repeatedly grant the State's motions to continue appellant's jury trial setting over his objection.

3. The State failed to present sufficient evidence corroborating Melonie Totty's testimony. In the absence of sufficient corroborating accomplice testimony, appellant's conviction(s) must be reversed.

4. The jury was improperly instructed on the offense of Child Neglect. A critical element was omitted from the instruction, requiring the reversal of appellant's conviction in Count II.

5. It was reversible error to excuse jurors for cause without inquiry as to why they felt that they could not be fair.

6. The jury in appellant's case was improperly instructed that appellant's witnesses had given prior statements inconsistent with their testimony at trial. No "prior inconsistent statement" instruction should have been given.

7. The trial court improperly permitted a representative of U.S. Cellular to testify beyond his field of expertise.

8. Appellant received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

9. The accumulation of error in this case deprived appellant of due process of law, necessitating reversal of his convictions pursuant to the Fourteenth Amendment to the United States Constitution.

See Dkt. # 21, Ex. 1 at pages 29-30. In an unpublished Opinion filed December 17, 2007, in Case No. F-2006-1055, the OCCA affirmed Petitioner's Judgment and Sentence as to Count I, but found

his fourth proposition of error to be meritorious and reversed and remanded with instructions to dismiss the Judgment and Sentence as to Count II. Id. Nothing before the Court indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On September 23, 2008, Petitioner filed an application for post-conviction relief in the state district court. See www.oscn.net. He identified thirteen (13) grounds of error, as follows:

1. Improper influence upon the jury and jury tampering by victim and victim's family members.

2. Prosecution and trial judge systematically excluded jury members in a discriminate manner.

3. Jury misconduct.

4. Petitioner alleges that he was not allowed to be present at discovery hearings.

5. False in-court identification, frivolous witness statements, false testimony and failure to present a victim.

6. Coercion to testify against myself by defense attorney and prosecution misconduct.

7. Prosecution misconduct.

8. Judge's error allowing improper introduction of evidence, jury racism and giving bias instructions.

9. Ineffective assistance of counsel.

10. Defense attorney's exclusion of evidence.

11. All of the State's star witnesses gave perjured testimony. State's witnesses were coached and there was insufficient evidence to convict Petitioner.

12. Ineffective assistance of appellate counsel.

13. Accumulation of error.

See Dkt. # 21, Ex. 4. By order filed October 28, 2008, the state district court denied post-conviction relief. Id. Petitioner appealed. On March 13, 2009, in Case No. PC-2008-1201, the OCCA declined

3

jurisdiction and dismissed the appeal based on Petitioner's failure to file his petition in error within thirty (30) days from the date the final order was filed with the clerk of the district court, as required by Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*. See Dkt. # 21, Ex. 5.

Petitioner, appearing *pro se*, filed the instant petition for writ of habeas corpus on April 30, 2009, in the United States District Court for the Western District of Oklahoma. By Order filed May 29, 2009, the case was transferred to this District Court. On June 15, 2009, Petitioner filed a supporting brief (Dkt. # 18). He identifies eighteen (18) grounds for relief, as follows:

> Ground 1: There was improper influence upon the jury and jury tampering by victim's family members and victim.
>
> Ground 2: Prosecution and trial judge systematically excluded jury members in a discriminative manner.
>
> Ground 3: Jury misconduct.
>
> Ground 4: The Petitioner was not allowed to be present during important stages of court proceedings, therefore denying him his 6th and 14th Amendment rights.
>
> Ground 5: False in-court identification, frivolous witness statements, false testimony, and failure to present a victim, in violation of defendant's 6th and 14th Amendment rights.
>
> Ground 6: Petitioner's 5th Amendment right was violated due to coercion to testify against himself by defense attorney and prosecution misconduct.
>
> Ground 7: Petitioner's 5th and 6th Amendment rights were denied due to prosecution misconduct.
>
> Ground 8: In violation of Petitioner's 6th and 14th Amendment rights, judge's error allowed improper introduction of evidence, jury racism, and the giving of bias instructions to the jury.
>
> Ground 9: Ineffective assistance of counsel violating the Petitioner's 6th and 14th Amendment rights.
>
> Ground 10: Defense attorney's exclusion of evidence violated Petitioner's 6th and 14th Amendment rights.

|  |  |
|---|---|
| Ground 11: | All of the State's star witnesses gave perjured testimony, were coerced, coached, and there was insufficient evidence to convict on. |
| Ground 12: | Ineffective assistance of appeal counsel denied Petitioner his 6th and 14th Amendment rights. |
| Ground 13: | It was error for the District Court to deny the application of the Tulsa County Public Defender's Office to withdraw based upon a conflict of interest violating his 6th Amendment. |
| Ground 14: | It was reversible error to repeatedly grant the State's motion to continue Petitioner's jury setting over his objections violating his 6th Amendment right. |
| Ground 15: | It was reversible error to excuse jurors for cause without inquiry as to why they felt that they could not be fair, denying the Petitioner's 6th Amend. rights. |
| Ground 16: | The jury in Petitioner's case was improperly instructed that his witnesses had given prior inconsistent statements to their trial testimony. No "prior inconsistent statement" [instruction] should have been given, denying Petitioner's 6th and 14th Amendment rights. |
| Ground 17: | The trial court improperly permitted a representative of U.S. Cellular to testify beyond his field of expertise, denying his 6th and 14th Amendment rights. |
| Ground 18: | Accumulation of error, denied the Petitioner his 14th Amendment right. |

See Dkt. #s 1 and 18. In the motion to dismiss for failure to exhaust state remedies, counsel for Respondent states that only grounds 13 and part of 9 are exhausted, and that grounds 1-8, part of 9, and 10-12, as well as Petitioner's claim of ineffective assistance of appellate counsel, have never been presented to the OCCA and are, therefore, unexhausted. Respondent does not address the exhaustion status of grounds 14-18. See Dkt. # 21. Because Petitioner had not filed a second application for post-conviction relief requesting a post-conviction appeal out of time, Respondent contends he has an available remedy for his unexhausted claims.

On July 7, 2009, Petitioner filed a response (Dkt. #s 22 and 23) to the motion to dismiss, along with a "motion to suspend petition for means of fully exhausting state remedies" (Dkt. # 24).[1] Respondent filed a response (Dkt. # 25) in opposition to the motion to "suspend," and Petitioner filed a reply (Dkt. # 26). On November 2, 2009, Petitioner filed a motion to supplement the record (Dkt. # 27) with copies of lab reports from the Tulsa Police Department Forensic Laboratory and the Oklahoma State Bureau of Investigation. Respondent filed a response (Dkt. # 29) in opposition to the motion to supplement, and Petitioner filed a reply (Dkt. # 30).

## *ANALYSIS*

The United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 111 S. Ct. 2546, 2554-55 (1991). To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is based on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State

---

[1] Nothing in Petitioner's motion to "suspend" suggests that he had in fact filed a second application for post-conviction relief. However, according to the docket sheet for Tulsa County District Court, Case No. CF-2005-1593, viewed at www.oscn.net, Petitioner filed a second application for post-conviction relief requesting a post-conviction appeal out of time on October 27, 2009, or four (4) months after Respondent filed the motion to dismiss for failure to exhaust in this federal habeas case. The state district court denied the application by order filed December 15, 2009. Petitioner appealed. As of today's date, Petitioner's second post-conviction appeal, assigned Case No. PC-2010-19, remains pending. Neither party to this action has apprised the Court of the second post-conviction proceeding or of the claims raised by Petitioner in that action.

an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a one-year statute of limitations on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005).

After careful review of the record in this case, the Court finds that Petitioner's grounds 13-18 were raised on direct appeal, as were some of the claims of ineffective assistance of counsel identified in ground 9. Those claims are exhausted. However, grounds 1-8, part of ground 9, and grounds 10-12 were first raised in Petitioner's first post-conviction action and have not been fairly presented to the OCCA since the first post-conviction appeal was dismissed as untimely. Furthermore, Petitioner has an available remedy for his unexhausted claims, seeking a post-conviction appeal out of time, and it is for the state courts to determine whether Petitioner is able to establish that the failure to file a timely appeal of the denial of his first request for post-conviction relief was through no fault of his own. See Banks v. State, 953 P.2d 344, 346 (Okla. Crim. App. 1998). Therefore, the instant petition is a "mixed petition," containing both exhausted claims and unexhausted claims, and is subject to dismissal without prejudice. Lundy, 455 U.S. at 522 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

As noted more recently by the Supreme Court, "[a]s a result of the interplay between AEDPA's 1-year statue of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal

review of their unexhausted claims." Rhines, 544 U.S. at 275.  In the instant case, Petitioner filed his petition for writ of habeas corpus prior to expiration of the one-year limitations period. However, because the pendency of this federal action does not serve to toll the limitations period, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that the statue of limitations is not tolled during the pendency of a federal petition), if the Court were to dismiss this petition, Petitioner may be precluded from returning to federal court after exhausting his claims by the § 2244(d) limitations period.[2]

Petitioner has filed a motion requesting that this action be "suspended" or stayed.  Although the Court has discretion to issue a stay in this matter while Petitioner returns to state court to exhaust his claims, Rhines, 544 U.S. at 276, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petition's failure to exhaust his claims first in state court." Id. at 277.  Petitioner offers no explanation for his failure to exhaust his claims in state court prior to raising them in his habeas

---

[2] Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on March 17, 2008, after the 90 day period for seeking *certiorari* review in the United States Supreme Court had lapsed.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).  Therefore, in the absence of statutory or equitable tolling, Petitioner's deadline for filing a timely petition for writ of habeas corpus was March 17, 2009.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The one-year period was tolled during the pendency of properly filed post-conviction proceedings. When Petitioner filed his first application for post-conviction relief on September 23, 2008, the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2) until thirty days after the state court's October 28, 2008, order denying post-conviction relief.  See Gibson v. Klinger, 232 F.3d 799, 802, 804 (10th Cir. 2000). Petitioner's one-year period was tolled from September 23, 2008, until November 27, 2008, or for sixty-five (65) days. Thus, his deadline for filing a timely habeas petition was extended 65 days beyond March 17, 2009, or until May 21, 2009.  The petition in this case was filed April 30, 2009, or before the deadline. However, the deadline has now passed.  As a result, if this Court were to dismiss this petition, any effort by Petitioner to return to federal court after exhausting state remedies may be time-barred since the one-year limitations period has expired during the pendency of this action.

petition. See Dkt. # 24. Petitioner has failed to demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his federal petition. For that reason, Petitioner's "motion to suspend petition" shall be denied.

Although a "stay and abeyance" is inappropriate in this case, the Court will afford Petitioner the opportunity to amend his petition to delete the unexhausted claims and to proceed with the exhausted claims. See Rhines, 544 U.S. at 278. Therefore, if Petitioner wishes to proceed at this time with only his exhausted claims (grounds 13-18, and that part of ground 9 raised on direct appeal), he may, within twenty-one (21) days of the entry of this Order, submit an Amended Petition raising only his exhausted claims and deleting his unexhausted claims.[3] If Petitioner fails to file an amended petition within twenty-one (21) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

Lastly, the Court finds Petitioner's motion to supplement record should be denied at this time. If Petitioner files an amended petition containing only his exhausted claims, the Court may reconsider his request to supplement the record.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

2. Petitioner's "motion to suspend petition" (Dkt. # 24) is **denied**.

---

[3] Petitioner is advised that should he choose to amend his petition by deleting his unexhausted claims, he may be precluded by 28 U.S.C. § 2244(b) and (d) from returning to this Court on those claims after he has exhausted his state remedies. However, should the instant petition be dismissed as a mixed petition, Petitioner may be precluded by § 2244(d) from presenting any claim challenging his conviction, including his currently exhausted claims, in federal court.

3. Within twenty-one (21) days of the entry of this Order, or by February 11, 2010, Petitioner may submit an amended petition containing only the exhausted claims and deleting the unexhausted claims, as identified herein.

4. Should Petitioner fail to submit an amended petition within twenty-one (21) days of the entry of this Order, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies.

5. The Clerk is directed to send Petitioner a blank petition for writ of habeas corpus (form AO-241), marked "Amended" and identified as Case No. 09-CV-335-TCK-TLW, and a copy of the original petition (Dkt. # 1).

6. Petitioner's motion to supplement the record (Dkt. # 27) is **denied** at this time.

DATED THIS 21st day of January, 2010.

TERENCE KERN
UNITED STATES DISTRICT JUDGE